**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DANIEL G. SHAY**
DANIEL SHAY (SBN 250548)
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
*danielshay@tcpafdcpa.com*
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANTHONY EARLY-RILEY, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | Case No.: '18CV0432 BEN WVG<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT AND JURY DEMAND

D'Anthony Early-Riley ("Plaintiff") brings this class action complaint against Defendant AllianceOne Receivables Management, Inc. ("Defendant") to stop Defendant's practice of making unsolicited phone calls to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § § 227 *et seq*., ("TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.      The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint – intrusive phone calls to private cellular phones, placed to numbers obtained without the prior express consent of the call recipients.

2.      Defendant's violations caused Plaintiff and members of the Class actual harm, included aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

3.      Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendant's conduct, and is likely to be redressed by a favorable decision in this action.

4.      Plaintiff seeks an injunction stopping Defendant from making unsolicited phone calls, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir.

2005). Subject matter jurisdiction over this action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different than Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District.

6.      Personal jurisdiction over Defendant is also proper in this District because Defendant, at all times herein mentioned, was doing business in the County of San Diego, State of California, and a substantial part of the events giving rise to the claim, mainly Plaintiff's receipt of the offending calls, occurred in this jurisdiction.

## **PARTIES**

7.      Plaintiff is, and at all times mentioned was, a resident of the State of California, County of San Diego. He is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (39).

8.      Defendant is a collection company incorporated in Delaware that maintains its principal place of business at 4850 East Street Road, Suite 300, Trevose PA 19053. Defendant is a "person" as defined by 47 U.S.C. § 153 (39). Defendant also maintains an office location in San Diego County at 6160 Mission Gorge Road #300, San Diego, CA 92120.

*Early-Riley v AllianceOne Receivables Management, Inc.*
CLASS ACTION COMPLAINT

9.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district.

**THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA")**
**47 U.S.C. §§ 227 *et seq.***

10.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014 (FCC July 3, 2003).

13.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4]   The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

14.     On July 10, 2015 the FCC released a Declaratory Ruling wherein it was confirmed that even if a consumer originally did provide "prior express consent" that caller has a right to revoke consent, using any reasonable method, including orally or in writing.[6]

## FACTUAL ALLEGATIONS

15.     Defendant is "a leading provider of receivables management and contact center solutions."   *See* https://www.allianceoneinc.com/Welcome/services-solutions (last visited on February 26, 2018).

16.     Defendant "provides a complete range of collection services and contact center solutions."   *See* https://www.allianceoneinc.com/Welcome/services-solutions (last visited on February 26, 2018).

17.     In an effort to collect on debts, Defendant has made thousands of unsolicited phone calls to consumers nationwide.

18.     Beginning no later than December of 2017, Plaintiff began receiving unsolicited phone calls from Defendant, attempting to collect an alleged debt owed.

---

[4] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*2008 FCC Ruling*"), 23 FCC Rcd. 559, 2008 WL 65485 (FCC 2008).

[5] *2008 FCC Ruling*, 23 FCC Rcd. at 564-65 (¶ 10).

[6] *In Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 30 FCC Rcd. 7996, 2015 WL 4387780 (FCC July 10, 2015).

19.    Plaintiff never provided Defendant his cellular number or consent to contact him on his cellular number, and in fact had revoked any alleged consent to contact him on his cellphone.

20.    Specifically, on December 27, 2017 and January 12, 2018, Defendant called Plaintiff on his cellular telephone.  On both occasions there was a long delay when Plaintiff answered and Plaintiff had to say "hello" repeatedly before a representative responded.

21.    Again on January 18, 2018, Defendant called Plaintiff of his cellular telephone and again there was a long delay when Plaintiff answered.  The parties spoke for roughly three minutes during which time Plaintiff informed Defendant he was filing bankruptcy.  Plaintiff told Defendant to stop calling him on his cellular phone and informed that he had an attorney.

22.    Nevertheless, on February 9, 2018, Defendant again called Plaintiff on his cellular telephone and there was a long delay when Plaintiff answered.

23.    For each unsolicited phone call from Defendant, the number that showed up on Plaintiff's caller identification was 877-541-8420.  For each call Plaintiff experienced a prolonged silence and delays prior to being connected to a live representative.

24.    These unsolicited phone calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) or by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

25.    The TCPA was intended to give individuals control over how and where they receive calls.  When Defendant places the phone calls to consumers without their consent, it fails to address or respect the limitations imposed by the

TCPA.  In doing so, it takes control away from the consumers and violates both the spirit and the letter of the TCPA.

26.     The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

27.     These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A) and/or had revoked any alleged prior express consent.

29.     These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

30.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and on behalf of and all others similarly situated ("the Class").

32.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from Defendant or its agents on their cellular telephones through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3), which telephone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of final approval.

33.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class

members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

35.     This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

37.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

> a. Whether, within the four years prior to the filing of this Complaint through the date of final approval, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any

automatic telephone dialing system or an artificial or prerecorded voice system, to any telephone number assigned to a cellular telephone service;

b. Whether the equipment Defendant, or its agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

c. Whether Defendant, or its agents, systematically made telephone calls to persons featuring an artificial or prerecorded voice;

d. Whether Defendant, or its agents, systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38.    As a person that received at least one unsolicited telephone call to his cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

39.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

*Early-Riley v AllianceOne Receivables Management, Inc.*
CLASS ACTION COMPLAINT

40.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

41.    A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

42.    Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### COUNT 1

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227 *ET SEQ.*

43.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.    Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be

*Early-Riley v AllianceOne Receivables Management, Inc.*
CLASS ACTION COMPLAINT

called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

45.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

46.   As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

47.   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

48.   Plaintiff incorporates by reference paragraphs 1-39 of this Complaint as though fully stated herein.

49.   Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

50.   The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

51.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

53.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *ET SEQ.*

55.     As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

* * *

*Early-Riley v AllianceOne Receivables Management, Inc.*
CLASS ACTION COMPLAINT

57.    An order certifying the Class as defined above, appointing Plaintiff D'Anthony Early-Riley as a Class Representative, and appointing Ronald A. Marron of the Law Offices of Ronald A. Marron as Class Counsel.

58.    An award of reasonable attorneys' fees (in the event of a class recovery) and costs.

59.    Any other relief the Court may deem reasonable, just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

\* \* \*

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the account in question, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Dated:  February 26, 2018

*s/ Ronald A. Marron*
By: Ronald A. Marron
ron@consumersadvocates.com
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS WOOD

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAS GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile:  (619) 564-6665

***Attorneys for Plaintiff
and the Proposed Class***

13